UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2529
_____

UNITED STATES OF AMERICA

v.

GREGORY GRISWOLD,
                                  Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 09-cr-00568-001)
District Judge:  Honorable Paul S. Diamond
_____

Before: FUENTES, CHAGARES and BARRY, <u>Circuit Judges</u>
_____

**SUR PETITION FOR PANEL REHEARING
AND ORDER AMENDING OPINION**
_____

The petition for rehearing filed by appellee, having been submitted to the judges

who participated in the decision of this Court, is GRANTED, and the Not Precedential

Opinion and judgment, filed May 2, 2013, are vacated.  An amended opinion shall be

issued.  The amendment to the opinion follows:

Section II, last paragraph, is hereby amended to now read:

Here, Griswold made a timely request[3] to proceed *pro se*, and we are

_____

[3] Although made on the day of trial, the jury had yet to be empanelled.  *Bankoff*,
613 F.3d at 373 (noting a request is untimely if made "after trial has commenced—i.e . . .
. after the jury has been empanelled").

satisfied on this record that the *Peppers* requirements were met. Although the District Court may have believed that Griswold's request was made to obstruct the proceedings and delay trial, [4] it did not conclude that the request itself was equivocal or that Griswold's waiver of counsel was not knowing, voluntary and intelligent or made by a defendant who was not competent to stand trial. *Cf. Buhl v. Cooksey*, 233 F.3d 783, 797 (3d Cir. 2000) ("A court may conclude that a defendant who intends nothing more than disruption and delay is not actually tendering a knowing, voluntary and intelligent waiver of counsel, and has not unequivocally asserted the constitutional right to conduct his/her own defense"). The Court's desire to prevent trial delay is certainly understandable, as is its frustration at Griswold's last minute decision to proceed *pro se*. Nevertheless, the Court erred by denying Griswold's request.

                    BY THE COURT:

                    **/s/Maryanne Trump Barry**
                    Circuit Judge


Dated: May 22, 2013

---

[4] The District Court stated that under *Bankoff* "the timing of the request is only one factor that a Court must consider" and that the Court is "obligated to balance the prejudice to the Defendant's legitimate interests against any potential disruption that a self-representation request would cause." (J.A. vol. II at 34). This discretionary balancing only occurs, however, when the right to proceed *pro se* is "curtailed" by an untimely request. *Bankoff*, 613 F.3d at 373. The request here was timely, and thus the Court should not have reached this balancing inquiry.